UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD J. ALLISON, | Case No. 2:21-cv-02217-RFB-EJY |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| LAS VEGAS METRO POLICE DEPARTMENT, DET. PARRA, | |
| Defendants. | |

On December 17, 2021, Plaintiff, an inmate in the custody of Clark County Detention Center, filed what appeared to be a proposed complaint under 42 U.S.C. § 1983. ECF No. 1-1. However, Plaintiff failed to file a complete *in forma pauperis* ("IFP") application or pay the required filing fee. On January 10, 2022, the Court granted Plaintiff through and including March 21, 2022 to either pay the filing fee or submit a complete IFP application. ECF No. 3. The Court stated that it would recommend dismissal without prejudice if Plaintiff failed to timely comply with the Court's Order.[1] *Id.* at 3. As of the date of this Report and Recommendation, Plaintiff has not paid the filing fee or submitted a complete IFP application.

District courts have the inherent power to control their dockets and, "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply

---

[1] Dismissing this action without prejudice allows Plaintiff to refile this case with the Court, under a new case number, when Plaintiff submits either a complete *in forma pauperis* application or pays the $402 filing fee.

1  with local rules). A court's warning to a party that his failure to obey the court's order will result in
2  dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262.
3        Accordingly, IT IS HEREBY RECOMMENDED that this matter be dismissed without
4  prejudice for failure to comply with this Court's January 10, 2022 Order.
5        DATED this 6th day of April, 2022.

                                          ELAYNA J. YOUCHAH
                                          UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).